**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.:**

**DANIEL BLATTNER,**

        **Plaintiff,**

**v.**

**COMMUNITY ACTION STOPS ABUSE, INC.,**

        **Defendant.**

_____/

## **COMPLAINT**

      **COMES NOW** Plaintiff, DANIEL BLATTNER ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, COMMUNITY ACTION STOPS ABUSE, INC. ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"), the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), Americans with Disabilities Act (ADA), and Age Discrimination in Employment Act of 1967 (ADEA) to redress injuries resulting from Defendant's unlawful sex, age, religion, and disability discriminatory treatment of Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Pinellas County, Florida.

3. Defendant is a Florida Non-Profit authorized to conduct business in the State of Florida.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. Section 1391(b) because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the Middle District of Florida.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff began employment with Defendant on or about June 17, 2019.

6. Human Resources Manager, Debbie Doran, ("Doran") and Managing Attorney, Karen McHugh, Esq. ("McHugh"), began discriminating against Plaintiff due to his religious beliefs on the same day that he began his employment.

7. Defendant discovered Plaintiff's religious beliefs through his Facebook account.

8. On or about June 17, 2019, Doran and McHugh described to Plaintiff that CASA's Public/Media Relations personnel discovered a few of Plaintiff's posts as "concerning" and reported it to Human Resources.

9. Doran explained to Plaintiff that because CASA serves a rather liberal, progressive community, namely the LGBTQ community, there were "immediate concerns" over whether he would be able to objectively serve CASA's clientele, largely the LGBTQ community.

10. Plaintiff had the specific qualifications to perform the job in its full capacity, for which he was hired, based on those qualifications, in large part because Plaintiff had prior experience in the type of law that CASA required of its attorneys, including experience assisting victims of domestic violence and assisting them obtain Injunction for Protections.

11. At first, CASA simply asked Plaintiff to not post anything CASA-related on his personal Facebook account, stating that the reason was because Defendant was concerned that having a Christian employee might affect CASA's large donor base.

12. Although this was not a written policy, which Defendant acknowledged, Plaintiff complied. However, other CASA employees, including the CEO, Ms. Lariana Forsythe ("Forsythe"), frequently post CASA-related material on their personal social media, including Facebook.

13. Despite having discussed this matter and having and understanding, McHugh continuously and repeatedly harassed Plaintiff about whether he could objectively fulfill the overall duties and responsibilities of his job for which she and Forsythe hired him. This created an unnecessary hostile work environment for Plaintiff.

14. Defendant's actions were discriminatory because CASA continuously harassed Plaintiff about his Christian religious beliefs.

15. Shortly after Plaintiff began working for Defendant, he requested a reasonable workplace accommodation from Doran and McHugh, to ameliorate a well-documented chronic neck and back conditions.

16. Plaintiff's chronic conditions affect Plaintiff's major life activities, including Plaintiff being unable to sit for long durations of time without the onset of moderate to extreme pain.

17. Plaintiff's pain is generally ameliorated and mitigated by having an appropriate, low-cost chair, which is what he requested from Doran and McHugh.

18. After an unnecessary and lengthy amount of time, Plaintiff's request was not granted. McHugh explained to Plaintiff that CASA doesn't have extra funds for "these types of things."

19. Plaintiff eventually brought in his own chair, at his own expense, so that he could perform the job duties for which he was hired.

20. Despite being aware of Plaintiff's chronic conditions, in July 2019, McHugh assigned Plaintiff to a half-day, off-site, manual labor assignment.

21. This assignment was not within Plaintiff's regular duties and responsibilities for which he was hired and would have significantly triggered his chronic conditions.

22. Defendant's actions were discriminatory because CASA failed to provide a reasonable workplace accommodation, under federal and state laws.

23. Throughout Plaintiff's tenure at CASA, McHugh frequently and consistently allowed a female subordinate, who was a relatively new paralegal, to willfully and maliciously disregard Plaintiff's inherent authority and direction as an attorney.

24. McHugh's actions were done with willful disregard to the Florida statutes and judicial administrative rules, which were the basis of Plaintiff's instruction, guidance, and leadership that he offered the paralegal.

25. For example, there were several instances where the paralegal needed procedural and substantive guidance and instruction in terms of certain documents that needed to be prepared and filed. The paralegal refused to follow Plaintiff's instruction and guidance. In turn, to ensure that documents could no longer be filed inconsistent with the Florida Rules of Civil Procedure and the Rules and Judicial Administration, Plaintiff changed the password to his Florida E-filing Portal. McHugh supported the paralegal; of which, McHugh admitted, "I am confronted with a stalemate" and "she is irreplaceable."

26. The Florida Bar, and its mentoring program for new attorneys, fully supported Plaintiff's decision because attorneys have full discretion to whom has access to their portals. Despite being aware of this guidance for new attorneys/Plaintiff, McHugh supported the paralegal.

27. McHugh gave the paralegal extreme preferential treatment and showed extreme deference because of concerns over the optics that might occur should she have handled the situation appropriately and with objective professionalism. McHugh acknowledged that Plaintiff is an older male and the paralegal was a younger female.

28. In addition, McHugh refused to properly address the situation with the paralegal because she was concerned of her emotional well-being as a "fragile, young woman with two kids."

29. A few weeks prior to Plaintiff's last day at CASA, McHugh instructed the paralegal to cease providing any and all support to Plaintiff. This breached the agreed-upon terms of employment and was discriminatory because her actions were a result of the aforementioned extreme preferential treatment and extreme deference that McHugh gave the paralegal, simply because she was a young female.

30. Approximately two weeks prior to Plaintiff's last day at CASA, Doran and/or McHugh relocated Plaintiff to a small room that doubled as a children's "playroom." This is where children would spend time when they visit CASA.

31. Other employees made comments such as "I hope Daniel is ok with having to work in the 'girls' playroom," "I hope all those girls' toys don't bother Daniel," and "they have Daniel working in the girl-colored room now?"

32. These repeated statements made Plaintiff felt shamed, humiliated, disgraced, and embarrassed.

33. Defendant's actions were discriminatory because CASA continuously harassed Plaintiff about his sex and age.

34. CASA's discriminatory treatment created an unnecessary hostile environment.

35. On or about August 23, 2019, CASA terminated Plaintiff's employment, to which no reason was given, other than to state that Florida is an at-will state and we're in the 90-day probationary period."

36. Throughout Plaintiff's tenure at CASA, he was an exemplary employee, to include a 100% success rate in obtaining relief for clients during his tenure. Plaintiff never received any form of discipline or reprimand.

37. Plaintiff filed a timely charge with the EEOC and Florida Commission on Human Relations, exhausting all requisite administrative remedies. This Complaint is timely filed.

## COUNT I
### *Disability Discrimination in Violation of the FCRA*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 of this Complaint as if set out in full herein.

39. Plaintiff is a member of a protected class under the FCRA.

40. By CASA's conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and chronic conditions and subjected the Plaintiff to animosity based on his disability and chronic conditions.

41. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

42. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his disability was unlawful but acted in reckless disregard of the law.

43. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

44. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

## <u>COUNT II</u>
### *Religion Discrimination in Violation of the FCRA*

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 of this Complaint as if set out in full herein.

50. Plaintiff practices the religion of Christianity and is thus a member of a protected class under the FCRA.

51. Plaintiff was regarded as practicing such religion by Defendant and Defendant's agents.

52. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's religion and subjected the Plaintiff to religion-based animosity.

53. Such discrimination was based upon the Plaintiff's religion in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff practices Christianity.

54. Plaintiff can and did perform the essential functions of his job with or without reasonable accommodation.

55. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's religion was unlawful, and willfully acted in reckless disregard of the law.

56. Defendant's discriminatory conduct was directly related to and because of Plaintiff's religion.

57. At all times material hereto, the employees that were exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

58. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

59. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

60. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

61. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

62. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

## COUNT III
### *Sex Discrimination in Violation of the FCRA*

63. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 of this Complaint as if set out in full herein.

64. Plaintiff is a member of a protected class under the FCRA.

65. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to animosity based on his sex.

66. Such discrimination was based upon the Plaintiff's sex in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a male.

67. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his sex was unlawful but acted in reckless disregard of the law.

68. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

69. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

70. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

71. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

72. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the

future.

73. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

<u>**COUNT IV**</u>
*Age Discrimination in Violation of the FCRA*

74. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 of this Complaint as if set out in full herein.

75. Plaintiff is a member of a protected class under the FCRA.

76. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to animosity based on his age.

77. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over forty (40) years old.

78. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his age was unlawful but acted in reckless disregard of the law.

79. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

80. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

81. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

82. The conduct of Defendant, by and through the conduct of its agents, employees, and/or

representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

83. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

84. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

## COUNT V
### *Disability Discrimination in Violation of the ADA*

85. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 of this Complaint as set out in full herein.

86. Plaintiff is a member of a protected class under the ADA.

87. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

88. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a disability.

89. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

90. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff

possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

91. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

92. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

93. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

94. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

95. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

### COUNT VI
### *Religion Discrimination in Violation of Title VII of the Civil Rights Act*

96. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 of this Complaint as if set out in full herein.

97. Plaintiff practices the religion Christianity and is thus a member of a protected class under Title VII of the Civil Rights Act.

98. Plaintiff was regarded as practicing such religion by Defendant and Defendant's agents.

99. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's religion and subjected the Plaintiff to religion-based animosity.

100.    Such discrimination was based upon the Plaintiff's religion in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff practices Christianity.

101.    Plaintiff can and did perform the essential functions of his job with or without reasonable accommodation.

102.    Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's religion was unlawful but acted in reckless disregard of the law.

103.    Defendant's discriminatory conduct was directly related to and because of Plaintiff's religion.

104.    At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

105.    Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

106.    As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

107.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

108.    The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

109.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

<u>**COUNT VII**</u>
*Sex Discrimination in Violation of Title VII of the Civil Rights Act*

110.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 of this Complaint as if set out in full herein.

111.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act.

112.    By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to animosity based on his sex.

113.    Such discrimination was based upon the Plaintiff's sex in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a male.

114.    Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his sex was unlawful but acted in reckless disregard of the law.

115.    At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with the Defendant.

116.    Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

117.    As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

118.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

119.    The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

120.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

## <u>COUNT VIII</u>
### *Age Discrimination in Violation of the Age Discrimination in Employment Act of 1967*

121.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 of this Complaint as if set out in full herein.

122.   Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967.

123.   By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to animosity based on his age.

124.   Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over forty (40) years old.

125.   Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his age was unlawful but acted in reckless disregard of the law.

126.   At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

127.   Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

128.   As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

129.   The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

130.   The actions of the Defendant and/or its agents were willful, wanton, and intentional, and

with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

131.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

## COUNT IX
### *Hostile Work Environment in Violation of the FCRA*

132.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 above as if set out in full herein.

133.    Plaintiff is a member of a protected class under the FCRA.

134.    By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's disability, religion, sex, and age and subjected the Plaintiff to a hostile work environment.

135.    Such discrimination was based upon the Plaintiff's disability, religion, sex, and age in that Plaintiff would not have been the object of the hostile work environment but for the fact that Plaintiff is a disabled, Christian male over the age of 40.

136.    Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendants and their supervisory personnel were aware that discrimination on the basis of disability, religion, sex, and age is unlawful, but acted in willful reckless disregard of the law.

137.    At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with the Defendants.

138.    Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

139.    As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

140.    The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

141.    The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendants for their actions and to deter them, and others, from such action in the future.

142.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

## Count X
### *Hostile Work Environment in Violation of Title VII of the Civil Rights Act*

143.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 above as if set out in full herein.

144.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act.

145.    By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's gender, age, disability, and religion and subjected the Plaintiff to a hostile work environment.

146.    Such discrimination was based upon the Plaintiff's disability, religion, sex, and age in that Plaintiff would not have been the object of the hostile work environment but for the fact that Plaintiff is a disabled, Christian male over the age of 40.

147.    Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendants and their supervisory personnel were aware that discrimination on the basis of disability, religion, sex, and age is unlawful, but acted in willful reckless disregard of the law.

148.    At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

149.    Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

150.    As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

151.    The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

152.    The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendants for their actions and to deter them, and others, from such action in the future.

153.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

## COUNT XI

### *Failure to Accommodate in Violation of the FCRA.*

156. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 above as if set out in full herein.

157. Plaintiff is a member of a protected class under the FCRA.

158.    By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

159.    Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

160.    Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.   Defendants and their supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

161.     At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

162.     Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

163.     As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

164.     The conduct of Defendants, by and through the conduct of their agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

165.     The actions of the Defendants and/or their agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

166.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants have violated the FCRA, and has done so willfully,

intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT XII

### *Failure to Accommodate in Violation of the ADA.*

167.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 above as if set out in full herein.

168.      Plaintiff is a member of a protected class under the ADA.

169.      By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

170.      Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

171.     Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendants and their supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

172.     At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

173.     Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

174.     As a result of  Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

175.     The conduct of Defendants, by and through the conduct of their agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

176.     The actions of the Defendants and/or their agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

177.      Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

G. Adjudge and decree that Defendants have violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

H. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

I. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

J. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

K. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

L. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, by and through his undersigned counsel, hereby demands a trial by jury on all issues so triable.

Dated: November 19, 2020                                Respectfully submitted,


By: Rainier Regueiro_____
    Rainier Regueiro, Esq.
    Florida Bar No.: 115578
    **REMER & GEORGES-PIERRE, PLLC**
    44 West Flagler Street
    Suite 2200
    Miami, FL 33130
    Tel. (305) 416-5000
    Fax: (305) 416-5005